```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
 JEROME MARTIN,

             Petitioner,                          MEMORANDUM & ORDER

      - against -                                 08-CV-452 (KAM)

 UNITED STATES OF AMERICA,

             Respondent.
----------------------------------------X
```
**MATSUMOTO, United States District Judge:**

By Memorandum and Order dated November 9, 2011, the court (i) denied the motion of *pro se* petitioner Jerome Martin ("petitioner" or "Martin") for *habeas corpus* relief pursuant to 28 U.S.C. § 2255; (ii) denied petitioner's motion for a sentence reduction pursuant to 28 U.S.C. § 3582(c); (iii) denied petitioner's motion to expand the record; and (iv) denied petitioner's motion to appoint counsel.  (ECF No. 25, Memorandum and Order, filed 11/9/2011.)  On November 17, 2011, petitioner requested, and the court granted, an extension of time in which petitioner could file a motion for reconsideration of the court's November 9, 2011 Order.  (ECF No. 27, Letter Motion for Extension of Time to File, filed 11/28/2011; Order dated 11/28/2011.)

By motion dated December 8, 2011, petitioner moved for reconsideration of the court's November 9, 2011 Order.  (ECF No. 28, Petitioner's Motion for Reconsideration, filed 12/11/2011.)

Petitioner subsequently sought leave to amend his motion for reconsideration, which the court granted. (ECF No. 29, Letter Motion for Leave to Amend, filed 12/22/2011; Order dated 1/9/2012.) On January 19, 2012, plaintiff amended his motion for reconsideration. (ECF No. 31, Petitioner's Amended Motion for Reconsideration, filed 1/25/2012.)[1] Respondent opposed both petitioner's motion and his amended motion on January 25, 2012. (ECF No. 32, Reply in Opposition, filed 1/25/2012.)

Motions to alter or amend judgments are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3. The standards for granting such a motion are strict: "[r]econsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Cordero v. Astrue*, 574 F. Supp. 2d 373, 380 (S.D.N.Y. 2008) (citation and quotation marks omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (citation and internal

---

[1] In addition, on January 21, 2012, petitioner filed a supplemental letter arguing that if the court granted his motion for reconsideration, he would be eligible for resentencing under the Fair Sentencing Act of 2010 and/or under the revised United States Sentencing Guidelines Manual. (ECF No. 33, Letter from Jerome Martin to Judge Matsumoto, dated 1/21/2012.)

quotation marks omitted), *abrogated on other grounds as stated in Adams v. Zarnel*, 619 F.3d 156, 169 (2d Cir. 2010). Courts in this Circuit have recognized three major grounds justifying reconsideration pursuant to Rule 59(e): "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways. Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations and quotation marks omitted); *see also Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (noting that the standards for relief under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3 are "identical"). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

   The court has reviewed and considered all of the arguments set forth in petitioner's motion for reconsideration and his amended motion for reconsideration. Petitioner does not point to any intervening change in the law or newly available evidence. Nor does he cite any legal authority or factual matters that the court overlooked in its November 9, 2011 Order. Indeed, petitioner has provided no basis for relief under 28 U.S.C. § 2255 or 28 U.S.C. § 3582(c). Accordingly, petitioner's

3

motion for reconsideration and amended motion for reconsideration are denied.

Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued.  *See* 28 U.S.C. § 2253(c)(2).  In addition, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438, 82 (1962).  Respondent is respectfully requested to serve a copy of this Order on petitioner and file a declaration of service by February 8, 2012.

SO ORDERED.

Dated:  Brooklyn, New York
        February 7, 2012

                                    _____   /s/_____
                                    KIYO A. MATSUMOTO
                                    United States District Judge
                                    Eastern District of New York

4